UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KAY D.,<br><br>                                    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>                                    Defendant. | Case No.:  24-cv-1875-DDL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Dkt. No. 2]** |

On October 16, 2024, Lisa Kay D. ("Plaintiff") filed a complaint seeking judicial review of a final adverse decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Dkt. No. 1.  Plaintiff concurrently filed an application to proceed in this matter *in forma pauperis* (the "IFP Application"), which is presently before the Court.  Dkt. No. 2.

This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees.  *See*

28 U.S.C. § 1915(a)(1)[1].   A party need not be completely destitute to proceed *in forma pauperis*.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  Instead, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).  "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.*

Here, Plaintiff declares she is unemployed and last worked in 2015, has no income, and has $12,000 in credit card debt.  Dkt. No. 2 at 1-2.  She represents that she has $200 in a checking account, a 2001 Toyota Solara worth about $500, a 2002 Toyota Solara worth about $500 (it is unclear whether both cars are held in her name), and a townhome worth between $500,000 and $600,000 with an $85,000 mortgage remaining.  *Id.* at 2.

Plaintiff further represents that her monthly expenses include: (1) mortgage costs of $1,250; (2) utility costs of $100 to $150; (3) car insurance costs of $120; (4) gasoline costs of $100; (5) food costs of $300 to $400; and (5) debt repayment costs of $300.  *Id.* at 2.  Her total monthly expenses thus amount to at least $2,100.  Plaintiff affords these expenses only through borrowing money from her parents.  *Id.*  Importantly, motions to proceed *in forma pauperis* should be granted when a plaintiff's application demonstrates that he or she cannot pay the court costs and still afford the necessities of life "because of *his* [or *her*] poverty," not because of his or her *parents'* poverty.  *Adkins*, 335 U.S. at 339 (emphasis added); *see also Ahern v. Kijakazi*, No. 2:23-CV-02085-DJA, 2023 WL 9111316, at *1 (D. Nev. Dec. 21, 2023) (granting an IFP application where the plaintiff's only sources of income were public assistance programs and his parents); *Wilson v. Comm'r of*

---

[1]      Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

*Soc. Sec.*, No. 21-CV-1483 W (RBM), 2021 WL 6012625, at *1 (S.D. Cal. Nov. 1, 2021) (same).

Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that she lacks the financial resources to pay the filing fee and **GRANTS** Plaintiff's IFP Application.

Where the Court grants a litigant permission to proceed *in forma pauperis*, it must also screen the complaint pursuant to Title 28, Section 1915(e)(2)(B) of the United States Code. The statute requires dismissal where a complaint fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See id*. Rule 2(b) of the Supplemental Rules for Social Security Actions sets forth additional pleading requirements for a Social Security plaintiff's complaint. *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E). The Court has reviewed Plaintiff's complaint and finds it satisfies these pleading requirements, states a plausible claim for relief, and is neither frivolous nor malicious. Accordingly, the Complaint survives screening, and the action may proceed.

**IT IS SO ORDERED**.

Dated: October 21, 2024

Hon. David D. Leshner
United States Magistrate Judge