UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LISA KAY DEBRUZZI,

                                    Plaintiff,

v.

CAROLYN COLVIN, Acting
Commissioner of Social Security,

                                    Defendant.

Case No.:  24-cv-1875-JO-DDL

**ORDER GRANTING MOTION
FOR ATTORNEY'S FEES
UNDER 42 U.S.C. 406(b)**

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). Dkt. No. 15. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I.

## BACKGROUND

Plaintiff sought judicial review of adverse decisions of the Administrative Law Judge ("ALJ") in two successive cases: Case No. 3:22-cv-695-DMS-MSB ("Prior Case") and the instant case. Plaintiff obtained reversal and remand in both cases, ultimately resulting in an award of past-due benefits of $134,031. Dkt. No. 15-1 at 3. Plaintiff's counsel represented her before the Court in both cases.

1.  **Prior Complaint**

On August 16, 2019, Plaintiff applied for disability benefits, alleging disability beginning on March 23, 2018. Prior Case, Dkt. No. 10-2 at 16. Plaintiff's application was

denied by the Commissioner, both initially and upon reconsideration, and denied by the ALJ. *Id.* at 12. The Appeals Council declined to review the ALJ's decision, making the denial final on March 14, 2022. *Id.* at 1. On May 16, 2022, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. Prior Case, Dkt. No. 1. The Court reversed the decision of the ALJ and remanded the matter to the Commissioner for further administrative action. Prior Case, Dkt. No. 21. For this representation, Plaintiff's counsel was awarded $7,500 in fees under the Equal Access to Justice Act ("EAJA"). Prior Case, Dkt. No. 23.

On remand, the ALJ issued a partially favorable decision. Dkt. No. 8 at 1355. The ALJ found that Plaintiff qualified for benefits but had only been disabled since March 20, 2023, rather than March 23, 2018. *Id.*

**2.    Instant Complaint**

On October 16, 2024, Plaintiff filed the complaint in the instant case seeking judicial review of the Commissioner's partially favorable decision. Dkt. No. 1. On December 12, 2024, the parties filed a Joint Motion to Remand, requesting that the Court enter "a final judgment in favor of the Plaintiff, and against Defendant, reversing the final decision of the Commissioner." Dkt. No. 11. On December 23, 2024, the Court granted the motion. Dkt. No. 12. For this representation, Plaintiff's counsel was awarded $2,729.12 in fees under the EAJA. Dkt. No. 14. On remand, the ALJ issued a fully favorable decision, finding that Plaintiff had been disabled since March 23, 2018, and was owed back due benefits in the amount of $134,031. Dkt. No. 15-1 at 3.

On December 22, 2025, Plaintiff's counsel moved for fees under 42 U.S.C. § 406(b). Dkt. No. 15. Plaintiff's counsel seeks an award of $24,300, subject to counsel refunding Plaintiff $10,229.12 for the fees previously received under the EAJA. On January 5, 2026, the Commissioner responded that "the Commissioner neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." Dkt. No. 18 at 4.

/ / /

/ / /

24-cv-1875-JO-DDL

## II.

## <u>LEGAL STANDARD</u>

When a court renders judgment in favor of a claimant who was represented by counsel, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b).  These fees are paid from the claimant's award of past-due benefits.  *Id*.

In *Gisbrecht*, the Supreme Court held that "§ 406(b) does not displace contingent-fee agreements," but rather "instructs courts to review for reasonableness fees yielded by those agreements."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case."  *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

Separately, counsel for a successful claimant may obtain fees under the Equal Access to Justice Act ("EAJA").  When a party prevails in court against the United States, the EAJA authorizes awarding fees and expenses, payable by the United States, so long as the United States' position was not "substantially justified". 28 U.S.C. § 2412(d)(1)(A).  Fee awards may be made under both § 406(b) and the EAJA, but counsel must refund to the claimant the smaller of the two.  *Gisbrecht*, 535 U.S. at 796.

## III.

## <u>ANALYSIS</u>

When considering a request for fees under § 406(b), the Court must "respect the primacy of lawful attorney-client fee agreements" by "looking first to the contingent-fee agreement, then testing it for reasonableness."  *Crawford*, 586 F.3d at 1148.

A.    <u>Contingent-Fee Agreement</u>

The contingency fee agreements between Plaintiff and her counsel are within the

24-cv-1875-JO-DDL

statutory ceiling.  *See* 42 U.S.C. § 206(b)(1)(A).  The agreements provide that "[t]he fee for successful prosecution of this matter is 25% of the Claimant's past due benefits awarded to Claimant upon reversal of any unfavorable ALJ decision."  Dkt. No. 15-3.  Plaintiff was awarded past-due benefits of $134,031, and twenty-five percent of that award is $33,507.75.  However, Plaintiff's counsel requests a fee of only $24,300, stating that they agreed counsel "would receive *up to* 25% of [Plaintiff's] award of past-due benefits."  Dkt. No. 15 at 3 (emphasis added).  Because Plaintiff's counsel advances this interpretation of the fee agreement and no party opposes it,  the Court will defer to it.

The contingency fee agreement and the fees requested are lawful under § 406(b).  The Court now turns to the reasonableness of the fees requested.

**B.**      **Reasonableness of the Fee**

After examining the agreement, the Court must review the resulting fee for reasonableness.  "[T]he question is whether the amount need be reduced," not enhanced, considering "the character of the representation and the results the representative achieved."  *Crawford*, 586 F.3d at 1149; *Gisbrecht*, 535 U.S. at 808.  "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."  *Crawford*, 586 F.3d at 1151.  The Court may "consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee."  *Id.*

The Court finds that Plaintiff's counsel has demonstrated that the fee requested is reasonable.  First, no reduction due to substandard performance or dilatory conduct is warranted.  Plaintiff's counsel obtained reversal and remand of two ALJ decisions, ultimately resulting in a fully favorable decision and an award of past-due benefits of $134,031.  Additionally, there is no indication in the record that Plaintiff's counsel's performance was substandard in any respect.

Second, the requested fees are not excessively large in comparison to the time spent on the case.  Plaintiff's counsel states that he spent 43.6 hours on this matter, resulting in a de facto hourly rate of approximately $557.  Dkt. No. 15 at 8.  Plaintiff's counsel's hourly

24-cv-1875-JO-DDL

rate for non-contingency fee representation ranges from $350 to $550.  *Id.* at 7. Considering the risks of contingency fee arrangements, an hourly rate of $557 is reasonable in comparison to Plaintiff's counsel's typical hourly rate.  *See Crawford*, 586 F.3d at 1152 ("The attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded").  Additionally, this rate is lower than rates found reasonable in other decisions in this District.  *See Deborah D. v. Bisignano*, No. 21-cv-1568-MSB, 2026 WL 194854, at *3 (S.D. Cal. Jan. 26, 2026) (finding an effective hourly rate of $637 reasonable and collecting cases).

Considering all the foregoing factors, the Court finds that the requested fee of $24,300.00 is reasonable.

## IV.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees Pursuant to § 406(b) [Dkt. No. 15] and **AWARDS** Plaintiff's counsel attorney's fees in the amount of $24,300.00  to be paid out of Plaintiff's past-due benefits in accordance with agency policy.  The Court **ORDERS** Plaintiff's counsel to reimburse Plaintiff in the amount of $10,229.12 for EAJA fees previously awarded by this Court.

**IT IS SO ORDERED.**

Dated:  May 6, 2026

Hon. David D. Leshner
United States Magistrate Judge

24-cv-1875-JO-DDL